(22 Misc. Rep. 524.)

### LEBER et al. v. DIETZ.

(City Court of New York, General Term.  February 7, 1898.)

**1. ORDER OF ARREST.**
    Where the grounds upon which an order of arrest is based are "fraud, and false and fraudulent representations," and no cause of action for fraud is made out, the order cannot be sustained on the other ground stated, which is not a cause of action in tort known to the law.

**2. PARTNERSHIP—WHAT CONSTITUTES.**
    Plaintiffs, who were partners, maintained a separate drug department, concerning which they had a written agreement with defendant.  By this they agreed to furnish the capital, the department to be charged with interest, expenses, office rent, wages, etc., and defendant was to manage the purchases and sales, and have no salary; but annual accountings were to be had, net profits to be divided, half to plaintiffs, and half to defendant, and losses to be borne in the same proportion.  *Held*, that defendant was a partner in the drug department.

**3. SAME—ACTION BETWEEN PARTNERS.**
    One partner cannot maintain an action at law against another partner, who is authorized to make purchases, to recover damages resulting from possible losses sustained through a given purchase by the defendant.

Appeal from special term.

Action by Edward F. Leber and another against Charles Henry Dietz.  From an order denying a motion to vacate an order of arrest granted therein, defendant appeals.  Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

David F. Tourney, for appellant.

Maurice J. Katz, for respondents.

O'DWYER, J.  There was no complaint, and the affidavits must show ground for one of the statutory cases provided for in sections 549 and 550 of the Code of Civil Procedure, and the nature of the case made out must be stated in the order as the ground of the arrest.  The grounds of the arrest stated in the order are "fraud, false and fraudulent representations."  Fraud is a deception practiced in order to induce another to part with property, or to surrender some legal right; and the affidavits found in this record do not make out a cause of action for fraud.  It does not appear that defendant or any one else through his acts has obtained either money, goods, or credit; and we are not satisfied from the proofs that the money paid by the plaintiffs for the orange peel will not be recovered when the merchandise is sold.

The other ground stated in the order of arrest, "false and fraudulent representations," is not a cause of action in tort known to the law.  Plaintiffs' Exhibit C shows that the defendant did receive a

verbal order from the Cheney Medicine Company, through Opitz, the manager, for gentian and gentian root, which was filled without comment. It also appears that the defendant was in Toledo, and did have a consultation with Opitz concerning orange peel, and the case resolves itself into a contest of veracity between defendant and Opitz. That defendant wrote "that he was in a hole" because of Opitz denying the order is true, but that language is not proof of fraud. Any one of the thousands engaged in selling goods can be placed in the same position at any moment by the buyer denying the order.

Furthermore, the agreement entered into between the plaintiffs and defendant conferred on defendant authority and discretion to order the orange peel, whether he had an order therefor or not. The defendant is not a partner in the firm of Leber & Mayer, but his interest in the drug department under the agreement is such that they and he are co-partners in that enterprise. All the essential conditions for the creation of a co-partnership are found therein. The agreement is between Edward F. Leber, Louis Mayer, and the defendant as individuals. It is executed by them individually, under separate seals. Plaintiffs agree "to furnish the capital." The said department is to be charged interest. Defendant is "to manage the purchases and sales." Defendant receives no salary. Plaintiffs agree "to perform the financial duties of said department," and to "assist the defendant to the best of their ability." All three agree "to work the department between themselves in conformity with the ideas of each of them." The department is charged with expenses, office rent, wages, etc. Annual accountings are to be had, and the profits and losses ascertained. Net profits are to be divided, one-half to the plaintiffs, and one-half to the defendant. Losses are to be borne in the same proportion, one-half by each. Defendant's accumulated profits are to remain in the business at interest. "In case the share of profits which may be credited to said defendant be not sufficient to cover the advances to be made to him, he shall be and remain responsible to the said Leber & Mayer for any such difference. For aught that appears, the plaintiffs may have in their hands earned profits belonging to defendant more than sufficient to cover any loss that may arise from the purchase of the orange peel. Plaintiffs have brought an action to recover damages, which damages are the possible losses which may be made upon one transaction in the business of the drug department. The defendant having authority to make the purchase, and partnership existing, the action cannot be maintained.

It follows that the order appealed from should be reversed, with costs, and the motion to vacate the order of arrest granted, with $10 costs.